IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEREMY JOHN BRAULICK,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-18-BLG-SPW<br><br>ORDER |

Petitioner Jeremy John Braulick moves for reconsideration under Rules 52(b) and 59(b) of the Federal Rules of Civil Procedure. (Doc. 18.)

Rule 52(b) is inapplicable to this matter as Rule 52 concerns non-jury trials, and no trial was conducted in connection with Braulick's petition seeking relief under 28 U.S.C. § 2254. Similarly, Rule 59(b) allows for a party to file a motion for a new trial within 28 days of entry of judgment. This provision is also inapplicable to Braulick's case. Out of an abundance of caution, however, the Court will consider Braulick's motion for reconsideration.

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. A motion for reconsideration or relief from judgment, however, may be appropriately brought under either Federal Rule of Civil

1

Procedure 59(e) or Rule 60(b). *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989). Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

Rule 60(b) which provides relief from the judgment in several narrow circumstances, including "mistake," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ P. 60(b)(1)(2), (6). Braulick believes this Court may have missed some of the facts supporting federal habeas relief for his Claim 2. Braulick states that his appellate counsel cited to three federal laws in his brief filed with the Montana Supreme Court. *See* (Doc. 18 at 2-3.) Braulick seems to suggest that this Court erred because it should have considered and

2

applied the federal rule regarding witness exclusion to his case, rather than the state statute that was at issue. (*Id.* 18 at 2.) As a preliminary matter, the Court would observe that because Braulick was a state defendant, the Federal Rules of Criminal Procedure played no role in his underlying criminal proceedings.

In considering Braulick's Claim 2, this Court noted Braulick's challenge to M.C.A. § 46-24-106, outlining the statutory right for a victim to be present during trial, was not cognizable in federal habeas because it was an issue of state law. (Doc. 16 at 24-25.) Nonetheless, the Court went on to consider this Claim under the Fourteenth Amendment's Due Process Clause. Ultimately, it was determined that Braulick failed to show that the state courts' application of the statute in his trial was sufficiently egregious to amount to a federal constitutional violation. (*Id.* at 25-26.) Because Braulick failed to make the requisite showing, this Court's review was constrained under the deferential standard of 28 U.S.C. § 2254(d); the claim was denied. (*Id.*)

In the instant motion, Braulick does not present new argument, law, or newly discovered facts. Instead, he points the Court back to his state appellate brief and reasserts his contention that the state court erroneously interpreted and applied state law in his case. But Braulick has not shown that this Court committed clear error in its prior finding.

While Braulick clearly disagrees with this Court's prior Order, that is not a

3

valid basis for reconsideration. Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Braulick has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of a strongly convincing nature to compel reversal. *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988). The motion will be denied because Braulick renews arguments already made and has not provided one of the permissible grounds to support his reconsideration request relative to his claim. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995)(holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented).

The court previously declined to issue a certificate of appealability. *See* (Doc. 16 at 33-34.) If Braulick seeks further relief from this court's rulings, he should file a timely notice of appeal. The Motion for Reconsideration (Doc. 18) is DENIED.

DATED this 18th day of December, 2023.

Susan P. Watters
United States District Court Judge